\* LOREN F. CROZIER v. JOHN G. SHANTS & CO., WILLIAM VORCE, TRUSTEE, SHERMAN ROBINSON, CLAIMANT.

*Trustee Process. Assignment. Notice. Partnership.*

A debtor cannot be held chargeable as trustee of his creditor if he has notice of a valid assignment of his debt, though he received the notice on Sunday.

One member of a partnership having in good faith made an assignment of a debt of $23.10 due the firm, to secure a loan of $25 to an employee of the firm, without the knowledge of the other member, it was *held*, under the circumstances of the case, a valid assignment and not a fraud on the other partner.

TRUSTEE PROCESS. The commissioner appointed to take the disclosure of the trustee reported substantially as follows:

---

\* Tried, February term, 1870.

This case came to the county court by appeal taken by the claimant from the judgment of a justice of the peace, charging the said Vorce as trustee.

In the winter and spring of 1867, John G. Shants & Co., the principal defendants in this case, carried on a saw-mill in Searsburg. The firm consisted of John G. Shants, an old man, and his son, John G. Shants, Jr., who was commonly known in the community as "George" Shants. The old man was a foreigner and spoke and understood the English language very imperfectly. George was the managing man and did all the business of the concern so far as trade and contracts were concerned, down to a period in the spring of 1867, at what precise time did not clearly appear, but sometime in April, when George was absent a good deal, and his younger brother Jacob, a young man who came of age in May, 1867, took the principal charge of the mill for the rest of the spring for his father and brother.

In April, 1867, William Vorce contracted with Shants & Co., through Jacob Shants, acting for them, for some lumber, which was all delivered to him by June 1st, 1867, at which time he became indebted for said lumber to Shants & Co. for $23.10, which is still unpaid and which is the sum for which he is sought to be held as trustee in this suit.

Early in June, 1867, Jacob Shants applied to Sherman Robinson for the loan of $25, which Robinson declined to lend him, telling him that he considered his security insufficient; but upon being urged to do it by George and upon George's turning out to him the said Vorce account as security, he made the loan.

John G. Shants, the senior partner, knew nothing of this transaction up to this time; and had given no permission to his partner (George) to turn out the accounts due the firm to secure Jacob's debts, or the debts of any one, unless such permission is to be implied by the fact that George was the managing partner in the transaction of its business; the senior partner, owing to his imperfect acquaintance with the language, confined himself principally to physical labor in the mill.

On the next Sunday morning Robinson saw Vorce and notified him that his account due the Shants was turned out to him, and that he must pay it to him (Robinson), and thereupon they went to the Shants and saw George and Jacob, and it was there agreed between Vorce, Robinson, George and Jacob, that the account was to be paid to Robinson.

A few days thereafter the writ in this case was served on Vorce, up to which time he had had no notice of the assignment of the

account to Robinson other than the one given him on Sunday as before detailed.

The county court at the April term, 1869, BARRETT, J., presiding, having adjudged the trustee chargeable upon the report of the commissioner for the sum of $23.10, the claimant excepted.

*Charles N. & G. W. Davenport,* for the claimant.

*Waterman & Read,* for the plaintiff.

The opinion of the court was delivered by

PIERPOINT, C. J. We think that, upon the facts found by the commissioner, the assignment of the claim for $23.10 to Robinson was good as against this plaintiff. It was not done to defraud the creditors of the firm, and there is nothing to show that the firm was not perfectly responsible at the time. But it is said that the assignment of the debt for the purpose intended was void as a fraud upon the other member of the firm, George having assented to it without the consent of his father. George had the entire control and management of the pecuniary and outside affairs of the firm. The amount is small, and if George had collected the debt and applied the proceeds to his own use, it could hardly be claimed that it would have been so far outside of the usual and ordinary mode of dealing, in copartnership matters, as to make it a fraud upon his father. For aught that appears, the copartnership was indebted to George at the time; if so, the transaction could not have been a fraud upon the firm. Again: Jacob had for a considerable time been in charge of the affairs of the firm, and might well have had a claim upon the firm for this accommodation. No objection is or has been made by the father to this disposition of the debt by George, and so far as his silence goes, he may be regarded as assenting to it. In view of all these circumstances we are inclined to regard the assignment as valid.

The question then arises, had Vorce, the trustee, such knowledge of the assignment of the debt to Robinson as prevents its being held by the trustee process? A knowledge of the transfer

was given to him by Robinson on Sunday. It was not necessary that this notice should be given to make the assignment good,—that is, good without the notice ; but it is necessary that the debtor should have information from the proper person, that the debt has been transferred, to prevent his paying it to the creditor, or to save it from the trustee process. What he learned on Sunday he knew on Monday. Would he have been justified thereafter in paying the debt to Shants & Co., on the ground that he was ignorant that it had been transferred ? We think that had he done so, it would have been a fraud upon Robinson, and this plaintiff has no better claim upon Vorce by virtue of this process than Shants & Co. had.

Judgment against trustee is reversed, and trustee discharged with cost, and judgment that claimant is entitled to the funds in the hands of the trustee, and cost.